IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                               RESPONDENT

v.                           No. 6:10-cr-60032
                             No. 6:16-cv-06063

COREY KIDD                                                                    MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Corey Kidd ("Kidd"), an inmate confined at the Coleman II, U.S. Penitentiary in Coleman, Florida.  ECF No. 162.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion.  ECF No. 166.  The Court has considered the entire record, and this matter is ready for decision.  For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 162) be **DENIED**.

**1.     Background**:

On November 4, 2010, Kidd was named in four counts (Counts 5-8) of an eight-count Indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 1. Count 5 alleged the following: "On or about July 13, 2010, in the Western District of Arkansas, Hot Springs Division, the defendants, **DETRIC CONWAY, RICHARD JOHNSON AND COREY KIDD**, aiding and abetting each other and others known and unknown to the grand jury, did take from the person or presence of another by force, violence and intimidation, controlled

substances in the care, custody, control, management, and possession of the Hometown Pharmacy in Hot Springs, a pharmacy registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act, and the replacement costs of the controlled substances was not less than five hundred dollars, in violation of Title 18, United States Code, Section 2118(a) and (c)(1) and Title 18, United States Code, Section 2."

Count 6 alleged as follows: "On or about July 13, 2010, in the Western District of Arkansas, Hot Springs Division, the defendants, **DETRIC CONWAY, RICHARD JOHNSON AND COREY KIDD**, aided and abetted by each other and others known and unknown to the grand jury, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Robbery Involving Controlled Substances as charged in count five of this Indictment, did knowingly use, carry, and possess in furtherance of said crime of violence, a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)."

Count 7 alleged as follows: "On or about July 13, 2010, in the Western District of Arkansas, Hot Springs Division, the defendants, **DETRIC CONWAY, RICHARD JOHNSON AND COREY KIDD**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly and intentionally possess with the intent to distribute hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2."

Count 8 alleged as follows: "On or about July 13, 2010, in the Western District of Arkansas, Hot Springs Division, the defendants, **DETRIC CONWAY, RICHARD JOHNSON AND COREY KIDD**, aided and abetted by each other and others known and unknown to the grand jury, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Hydrocodone as charged in count seven

of this Indictment, did knowingly use, carry, and possess in furtherance of said drug trafficking crime, a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)."

On December 15, 2010, Kidd appeared for an arraignment before the Honorable U.S. Magistrate Judge Barry A. Bryant. ECF No. 18. At this arraignment, Kidd appeared with appointed counsel, Travis Morrissey. *Id.* Kidd entered a plea of not guilty to Counts 5-8 of the Indictment. *Id.* Subsequently, the Honorable U.S. District Judge Robert T. Dawson set a jury trial in Kidd's case for February 1, 2011. *Id.* Kidd's trial was subsequently continued until September 13, 2011. ECF No. 49.

On September 12, 2011, Kidd appeared with counsel and entered a guilty plea as to Counts 5 and 6 of the Indictment. ECF No. 59. On the same day, Kidd and the Government submitted a Plea Agreement to the Court. ECF No. 60. As a part of this Plea Agreement, Kidd agreed to plead guilty to Counts 5 and 6 of the Indictment. *Id.* Specifically, Kidd agreed as follows:

> 1. The defendant, COREY KIDD, hereby agrees to plead guilty to Count 5 of the Indictment charging the defendant with violation of Title 18 U.S.C. §2118(a) and (c)(1) and title 18 U.S.C. §2 (Armed robbery Involving Controlled Substance and Aiding and Abetting); and Count 6 of the Indictment charging the defendant with violation of 18 U.S.C. §924(c)(1)(A) (Using, Carrying or Possessing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting). . . .

ECF No. 60 ¶ 1.

On July 27, 2012, Kidd appeared before Judge Dawson for sentencing. ECF No. 71. At sentencing, Judge Dawson sentenced Kidd to the following: "(71) months as to Count (5) and (84) months as to Count (6) to run consecutively with each other; (5) years supervised release to run concurrently with each other as to Counts (5) and (6); $61,953.61 Restitution that will be Joint and several with other defendants." *Id.* at 2. A judgment adopting this sentence was entered on July 31, 2012. ECF No. 82. Kidd did not appeal his sentence.

**2.     Instant Motion**:

On June 22, 2016, Kidd, through court-appointed counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 162. In this Motion, Kidd raises one issue: whether his sentence entered against him pursuant to 18 U.S.C. § 924(c)(1)(A) (Count 6 of the Indictment) should be vacated because the language in 18 U.S.C. § 924(c)(1)(A) is void for vagueness under *Johnson v. United States,* 135 S. Ct. 2551 (2015). *Id.* The Government responded to this Motion on September 30, 2016. ECF No. 166. This matter is now ready for decision.

**3.     Discussion**:

The issue before the Court is whether the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") because it was unconstitutionally vague, applies to 18 U.S.C. § 924(c) and invalidates its "crime of violence" provision. Upon review, the Court finds the reasoning in *Johnson* does not apply to invalidate this provision of 18 U.S.C. § 924(c).

Just last month, on October 5, 2016, the United States Court of Appeals for the Eighth Circuit directly addressed this issue and ruled that the holding in *Johnson* did not invalidate language of 18 U.S.C. § 924(c). *United States v. Prickett,* 2016 WL 5799691, at *3 (8th Cir. Oct. 5, 2016). As the Eighth Circuit held: "We therefore conclude that *Johnson* does not render § 924(c)(3)(B) [defining "crime of violence" from 18 U.S.C. § 924(c)(1)(A)] unconstitutionally vague." *Id.*[1] Consistent with that holding, the Court recommends Kidd's Motion (ECF No. 162) be **DENIED.**

---

[1] The Eighth Circuit noted it was joining the Second Circuit, *see United States v. Hill*, No. 14–3872–CR, ____ F.3d ____, 2016 WL 4120667, at *7–12 (2d Cir. Aug. 3, 2016), and Sixth Circuit, *see United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016), in reaching this conclusion.

**4.     Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter.  Kidd is clearly not entitled to the relief he seeks.[2]  Further, I find Kidd has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.     Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice.  Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **8th day of November 2016.**

     /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).